Arnold B. Calmann, Esq. (abc@saiber.com)
Jakob B. Halpern, Esq. (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center
10th Floor, Suite 1000
Newark, NJ 07102
Tel.: (973) 622-3333
Fax: (973) 286-2465

Timothy E. Newholm, Esq. (ten@boylefred.com)
Michael T. Griggs, Esq. (mtg@boylefred.com)
Brad L. Meyer, Esq. (blm@boylefred.com)
**BOYLE FREDRICKSON, S.C.**
840 N. Plankinton Ave.
Milwaukee, WI  53203
Tel.: (414) 225-9755
Fax: (414) 225-9753

Attorneys for Plaintiff All Weather Armour, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALL WEATHER ARMOUR, LLC,<br><br>    Plaintiff,<br>    v.<br><br>ART OF GUTTER, INC., ADNAN KARABACAK, UMIT KARABACAK,<br><br>    Defendants, | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff All Weather Armour, LLC ("AWA"), by its attorneys, for its complaint against defendants Art of Gutter, Inc., Adnan Karabacak and Umit Karabacak ("the Defendants"), alleges as follows:

## PARTIES

1. Plaintiff AWA is a Wisconsin company with its principal place of business at W2355 U.S. Highway 18, P.O. Box 8, Sullivan, Wisconsin 53178.  Among other things, AWA is engaged in the business of manufacturing and selling gutter guard products.

2. Upon information and belief, defendant Art of Gutter, Inc. is a New Jersey company with a principal place of business at 1275 Bloomfield Ave Bldg. 7 Unit 40a, Fairfield, New Jersey 07004.

3. Upon information and belief, defendants Adnan Karabacak and Umit Karabacak are New Jersey residents with a principal place of residence at 362 Third St., Apt. 2, Clifton, New Jersey 07011 and 1360 Van Houten Ave., Clifton, New Jersey 07013, respectively.

## NATURE OF ACTION

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

5. AWA is the owner of all right, title and interest in U.S. Patent 9,487,955 ("the '955 patent") entitled *Gutter Debris Barrier System,* issued on November 8, 2016, a copy of which is attached as Exhibit A.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, the Defendants regularly conduct business at a physical facility in this District, and have sold and/or offered for sale products that infringe the '955 patent in this District.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

**COMPARISON OF EXEMPLARY CLAIMS TO EXEMPLARY ACCUSED PRODUCTS**

**Claim 1 of the '955 patent**

8. Claim 1 of the '955 patent is directed to a gutter guard that includes a channel for receiving a heating element.

9. The Defendants manufacture, sell and/or offer to sell gutter guards that they describe as "Micro Mesh." The Defendants sell Micro Mesh gutter guard products that serve as debris barriers that allow water to pass through while preventing other materials from entering the gutter.



10. Claim 1 requires a frame configured to at least partially lay above a gutter. These claim elements are found in Art of Gutter Inc.'s Micro Mesh product, as shown below.



11. Claim 1 further requires the frame to have a floor, an inner wall, and an outer wall that all extend lengthwise along the frame. These claim elements are embodied by the Art of Gutter Inc.'s Micro Mesh product, as shown below.



First, inner side | Floor | Second, outer side wall

12. Claim 1 further requires the frame to have at least three longitudinally extending, laterally spaced channels extending along the floor between the inner and outer side walls, where the channels are separated from one another by two upwardly extending ribs. The channels additionally have a plurality of slots formed into the floor of the frame. The Art of Gutter Inc.'s Micro Mesh product includes all of these claim elements, as shown below.



First, inner side wall | At least three longitudinally extending, laterally spaced channels | Floor | Second, outer side wall



13. Claim 1 further requires a filter screen to cover at least a portion of the frame capable of allowing water to pass through, but not debris. These claim elements are embodied by the Art of Gutter Inc.'s Micro Mesh product, as shown below. Art of Gutter Inc.'s website also states that the screen contains holes that are only 120 microns wide to allow nothing besides water to pass through.



14. Claim 1 further requires an electrical heating element to be in contact with the frame. As shown below, the Art of Gutter Inc.'s Micro Mesh product includes a channel elongated channel formed in the frame. Upon information and belief, the channel is specifically configured to receive an electrical heating element.



15. Claim 1 further requires the slots found in the channels to be offset from the slots in adjacent channels. The slots found in the Defendants' Micro Mesh product are indeed offset, as shown below.



16. Claim 1 further requires a P/D ratio of no more than 5/3, where "D" is defined as the transverse distance in a horizontal plan extending between the inner side wall and the outer side wall, and where "P" is formed by an uninterrupted serpentine path extending along the surface of the frame from the first, inner side wall to the outer side wall without crossing any of the slots. An inspection of the materials available on the Art of Gutter Inc.'s website confirm that the Micro Mesh product has a P/D ratio of 1.649, which is less than 5/3. A visual diagram of how these measurements were taken is given below.



### Claim 6 of the '955 patent

17.     Claim 6 of the '955 patent is directed to a gutter guard that includes a channel for receiving a heating element.

18.     The Defendants manufacture, sell and/or offer to sell gutter guards that they describe as "Micro Mesh."  The Defendants sell Micro Mesh products gutter guard products that serve as debris barriers that allow water to pass through while preventing other materials from entering the gutter.



19. Claim 6 requires a frame configured to at least partially lay above a gutter. The Defendants' product is indeed configured to be positioned in such a way, as shown below.



20. Claim 6 further requires the frame to have a floor, an inner wall, an outer wall that all extend lengthwise along the frame. All of these claim elements are found in Art of Gutter Inc.'s Micro Mesh product, as shown below.



21. Claim 6 further requires the frame to have at least three longitudinally extending, laterally spaced channels extending along the floor between the inner and outer side walls, and the channels are separated from one another by two upwardly extending ribs. The channels additionally have a plurality of slots formed into the floor of the frame, and the ribs form a

generally concave shape with the upper portion of the channels. These claim elements are embodied by the Art of Gutter Inc.'s Micro Mesh product, as shown below.



22. Claim 6 further requires a filter screen to cover at least a portion of the frame capable of allowing water but not debris to pass through. These claim elements are embodied by the Art of Gutter Inc.'s Micro Mesh product, as shown below. Art of Gutter Inc.'s website also states that the screen contains holes that are only 120 microns wide to allow nothing besides water to pass through.



23. Claim 6 further requires an electrical heating element to be in contact with the frame. As shown below, the Art of Gutter Inc.'s Micro Mesh product includes a channel elongated channel formed in the frame. Upon information and belief, the channel is specifically configured to receive an electrical heating element.



24. Claim 6 further requires the slots found in the channels to be offset from the slots in adjacent channels. These claim elements are embodied by the Defendants' Micro Mesh product, as shown below.



25. Claim 6 further requires a P/D ratio of no more than 5/3, where "D" is defined as the transverse distance in a horizontal plan extending between the inner side wall and the outer side wall, and where "P" is formed by an uninterrupted serpentine path extending along the surface of the frame from the first, inner side wall to the outer side wall without crossing any of the slots. An inspection of the materials available on the Art of Gutter Inc.'s website confirm that the Micro Mesh product has a P/D ratio of 1.649, which is less than 5/3. A visual diagram of how these measurements are taken is given below.



Page 11 of 14

## COUNT I

### Claim for Infringement of the '955 Patent

26. AWA realleges and incorporates by reference the allegations in paragraphs 1-25 as if fully set forth herein.

27. The Defendants have manufactured, used, sold and offered to sell Micro Mesh products, which induce and cause its customers to infringe the '955 patent.

28. The Defendants were aware of the '955 patent prior to the filing of this lawsuit.

29. Upon information and belief, the Defendants have instructed and encouraged the end users to use Micro Mesh products. Additionally, upon information and belief, the Defendants have instructed and encouraged the end users to insert electrical heating elements into the elongate channel formed in the frame.

30. Upon information and belief, the Defendants knew that Micro Mesh products were made or adapted for a use that would infringe the '955 patent.

31. Upon information and belief, the Defendants have been and are willfully infringing the '955 patent.

32. It is believed that the Defendants will continue to manufacture, sell, and/or offer for sale Micro Mesh products unless enjoined from doing so, causing AWA irreparable harm.

33. The Defendants' conduct shows a lack of the required duty to avoid infringement of the '955 patent such that this is an exceptional case; therefore, AWA should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

34. Pursuant to 35 U.S.C. § 284, AWA is entitled to enhanced damages for infringement of the '955 patent by the Defendants, up to treble damages.

35. Pursuant to 35 U.S.C. § 283, AWA is entitled to a preliminary and permanent injunction against further infringement of the '955 patent by the Defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff All Weather Armour, LLC demands that judgment be entered in its favor and against Defendants Art of Gutter, LLC, Adnan Karabacak, and Umit Karabacak as follows:

A. Adjudging that the Defendants have induced infringement of U.S. Patent 9,487,955;

B. Adjudging that the Defendants have willfully infringed U.S. Patent 9,487,955;

C. Preliminarily and permanently enjoining the Defendants from infringing U.S. Patent 9,487,955;

D. Awarding AWA its damages, together with prejudgment interest, caused by the Defendants' infringement;

E. Granting such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff All Weather Armour, LLC hereby demands a jury trial of all issues of fact not admitted by the Defendants.

Dated: August 23, 2019

Respectfully submitted,

**SAIBER LLC**
Attorneys for Plaintiff All Weather Armour, LLC

s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
One Gateway Center
10th Floor, Suite 1000
Newark, NJ 07102
Tel.: (973) 622-3333
Fax: (973) 286-2465

Timothy E. Newholm (ten@boylefred.com)
Michael T. Griggs, Esq. (mtg@boylefred.com)
Brad L. Meyer (blm@boylefred.com)
**BOYLE FREDRICKSON, S.C.**
840 N. Plankinton Ave.

                                Milwaukee, WI  53203
                                Tel.: (414) 225-9755
                                Fax: (414) 225-9753

                                Attorneys for Plaintiff All Weather Armour, LLC

### **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is not the subject of any other matters pending in this Court.

Dated:  August 23, 2019                        s/ Arnold B. Calmann
                                                    Arnold B. Calmann

### **LOCAL CIVIL RULE 201.1 CERTIFICATION**

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiff All Weather Armour, LLC hereby certifies that it seeks both monetary damages greater than $150,000 and injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated:  August 23, 2019                        s/ Arnold B. Calmann
                                                    Arnold B. Calmann